# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CIVIL APPEAL INFORMATION STATEMENT

**COUNSEL FOR APPELLANT:** This statement is due to be filed with the Clerk of the Court of Appeals not later than 14 days from the docketing of the notice of appeal.

SHORT CAPTION WITH IDENTITY OF APPELLANT:
BRRAM, et al, Appellant, v. FAA, et al

APPEAL FROM DISTRICT COURT:
District: New Jersey
D.C. Docket No.: 3:14-cv-02686
Date proceedings initiated in D.C.: April 28, 2014
Date Notice of Appeal filed: June 4, 2015
USCA No.: 15-2393

## COUNSEL ON APPEAL

**Appellant(s):** BRRAM, Inc., et al
Name of Counsel: R. William Potter
Name of Party(ies): BRRAM, Inc., et al.
Address: 194 Nassau Street, Suite 31, Princeton, New Jersey 08542
Telephone No.: (609) 921-9555
Fax No.: (609) 921-2181
E-mail: rwppddlaw@cs.com, potterrex@cs.com

**For Appellee(s):** *List only the names of parties and counsel who will oppose you on appeal
Name of Counsel: J. Andrew Ruymann, Assistant U.S. Attorney
Name of Party(ies): United States Federal Aviation Administration
Address: United States Attorney's Office, 402 East State Street, Room 430, Trenton, New Jersey 08608
Telephone No.: (609) 989-0563
Fax No.: (609) 989-2275
E-mail: john.ruymann@usdoj.gov

Name of Counsel:
Name of Party(ies):
Address:
Telephone No.:
Fax No.:
E-mail:

Is this a Cross-Appeal?          Yes ☐    No ☑
Appeals Docket No.:

Was there a previous appeal in case?   Yes ☐   No ☑
If yes, Short Title:
Appeals Docket No.:
Citation, if reported:

To your knowledge is there any case now pending or about to be brought before this or any other court or administrative agency which:
a) Arises from substantially the same case or controversy as this appeal?   Yes ☐   No ☑
b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?
   Yes ☐   No ☑

If you answered yes to either "a" or "b" please provide:
Case Name: _____
D.C. Docket No.: _____
Court or Agency: _____
Docket Number: _____
Citation, if reported: _____

## NATURE OF SUIT
(Check as many as apply)

1. FEDERAL STATUTES
☐ ANTITRUST
☐ BANKRUPTCY
☐ BANKS & BANKING
☐ CIVIL RIGHTS
☐ COMMERCE, ROUTES, AND TARIFFS
☐ COMMODITIES
☐ COMMUNICATIONS
☐ CONSUMER PROTECTION
☐ COPYRIGHT
☐ PATENT
☐ TRADEMARK
☐ ELECTION
☐ ENERGY
☑ ENVIRONMENTAL
☐ FOIA FREEDOM OF INFORMATION
☐ IMMIGRATION
☐ LABOR
☐ OSHA
☐ SECURITIES
☐ SOCIAL SECURITY
☐ TAX
☐ EQUAL ACCESS TO JUSTICE
☐ OTHER Specify:_____

2. TORTS
☐ ADMIRALTY
☐ ASSAULT/DEFAMATION
☐ PRODUCT LIABILITY/WARRANTY
☐ DIVERSITY
☐ OTHER Specify:_____

3. CONTRACTS
☐ ADMIRALTY/MARITIME
☐ ARBITRATION
☐ COMMERCIAL
☐ EMPLOYMENT
☐ INSURANCE
☐ NEGOTIABLE DISBURSEMENTS
☐ OTHER Specify:_____

4. PRISONER PETITIONS
☐ CIVIL RIGHTS
☐ VACATE SENTENCE 2255
☐ HABEAS CORPUS 2254
☐ HABEAS CORPUS 2241
☐ MANDAMUS/PROHIBITION
☐ OTHER Specify:_____

5. OTHER
☐ FORFEITURE
☐ CIVIL GRAND JURY
☐ TREATY Specify:_____
☐ OTHER Specify:_____

This is to certify that this civil appeal information statement was filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 8th day of July, 20 15.

Signature of Counsel: _R. William Potter_____

# TRANSCRIPT PURCHASE ORDER
## for Third Circuit Court of Appeals

District Court: for the District of New Jersey
Court of Appeals Docket No. 15-2393
District Court Docket No. 3:14-cv-02686

Short Case Title: BRRAM, Inc. v. FAA
Date Notice of Appeal Filed by Clerk of District Court: June 4, 2015

**Part I.** (To be completed by party responsible for ordering transcript)

NOTE: A SEPARATE FORM IS TO BE TYPED FOR EACH COURT REPORTER IN THIS CASE.

A. Check one of the following and serve ALL COPIES:

**TRANSCRIPT:**
- ___ None
- ___ Unnecessary for appeal purposes.
- _X_ Already on file in the District Court Clerk's office.
- ___ This is to order a transcript of the proceedings heard on the date listed below from _____ (Court Reporter)

(Specify on lines below exact date of proceedings to be transcribed). If requesting only partial transcript of the proceedings, specify exactly what portion or what witness testimony is desired.

If proceeding to be transcribed was a trial, also check any appropriate box below for special requests; otherwise, this material will NOT be included in the trial transcripts.

- ___ Voir dire
- ___ Open Statement of Plaintiff
- ___ Opening Statement of Defendant
- ___ Closing Argument of Plaintiff
- ___ Closing Argument of Defendant
- ___ Jury Instructions
- ___ Sentencing Hearings

FAILURE TO SPECIFY IN ADEQUATE DETAIL THOSE PROCEEDINGS TO BE TRANSCRIBED OR FAILURE TO MAKE PROMPT SATISFACTORY FINANCIAL ARRANGEMENTS FOR TRANSCRIPT ARE GROUNDS FOR DISMISSAL OF THE APPEAL OR IMPOSITION OF SANCTIONS

B. This is to certify that satisfactory financial arrangements have been completed with the court reporter for payment of the cost of the transcript. The method of payment will be:

- ___ CJA Form submitted to District Court Judge
- ___ Motion for Transcript has been submitted to District Court
- ___ CJA Form submitted to Court of Appeals
- _X_ Private Funds

Signature: R. William Potter
Date: July 9, 2015
Print Name: R. William Potter
Counsel for: BRRAM, Inc., et al., Appellants
Address: 194 Nassau St., Princeton, NJ 08542
Telephone: (609) 921-9555

**Part II.** COURT REPORTER ACKNOWLEDGEMENT (To be completed by the Court Reporter and forwarded to the Court of Appeals on the same day transcript order is received.)

| Date transcript order received | Estimated completion date; if not within 30 days of date financial arrangements made, motion for extension to be made to Court of Appeals | Estimated number of pages |
|---|---|---|
|  |  |  |

- ___ Arrangements for payment were made on _____
- ___ Arrangements for payment have not been made pursuant to FRAP 10(b)

Date | Name of Court Report | Telephone

**Part III.** NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN THE DISTRICT COURT (To be completed by court reporter on date of filing transcript in District. Court Notification must be forwarded to the Court of Appeals on the same date.)

Actual Number of Pages _____ Actual Number of Volumes _____

Date | Signature of Court Reporter

# United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and Statement of Financial Interest

No. 15-2393

BRRAM, et al

v.

FAA, et al

### Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, _____BRRAM, Inc._____
makes the following disclosure:                                         (Name of Party)

    1) For non-governmental corporate parties please list all parent corporations:  None.

    2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:  None.

    3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:  None.

    4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

_R. William Potter_                             Dated: _July 7, 2015_
(Signature of Counsel or Party)

rev: 09/2014                (Page 2 of 2)

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **10** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION: BRRAM, et al v. FAA, et al

USCA NO.: 15-2393

LOWER COURT or AGENCY and DOCKET NUMBER:
United States District Court for the District of New Jersey, Docket No. 3:14-cv-02686

NAME OF
JUDGE: Peter G. Sheridan

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

BRRAM, Inc., and ten individuals (Holly Bussey, William Lynch, Richard Delello, Julie Power, John Giacobetti, Jennifer Giacobetti, Deborah Leamann, Caroline Bondi,. Delores Brienza, and Richard Wayne) are the appellants suing the United States Federal Aviation Administration seeking an order from the United States District Court compelling the FAA to conduct an environmental and safety review, pursuant to the National Environmental Policy Act, of the exponential increase in flights by a commercial air carrier operating at the Trenton Mercer Airport in New Jersey. The District Court dismissed the complaint for lack of subject matter jurisdiction without reviewing if the appellants' motion for leave to file an amended complaint cured the alleged jurisdictional bar. The date of the order on appeal is May 18, 2015 (filed May 19, 2015) and the District Court dictated the Court's Opinion.

**LIST** and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

The Order and the Opinion of the Court are attached: Order by Peter G. Sheridan, U.S.D.J., May 18, 2015 (filed in the United States District Court for the District of New Jersey on May 19, 2015), and Court's Opinion on Motion to Dismiss (dictated on the record). Also attached are the FAA June 9, 2008 Order Withdrawing FONSI/ROD The FAA Ops Specs amendment dated September 25, 2012 for Frontier Airlines

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

See attached statement.

Identify the issues to be raised on appeal:

See attached statement of the issues.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __9th__ day of __July__, 20__15__.

_R. Will-Roth_
Signature of Counsel

Rev. 01/2015

Statement of factual and procedural background: Docket No. 15-2393.

On June 9, 2008, the FAA issued "ORDER WITHDRAWING Finding of No Significant Impact/Record of Decision (FONSI/ROD) dated February 23, 2006 for the Trenton-Mercer Airport (TTN) Terminal Replacement and Other Projects in the Capital Improvement Program" (2008 Order). In this 2008 Order, the FAA responded to Mercer County's decision to forgo proposed expansion of TTN because Southwest Airlines, predecessor to Frontier Airlines, withdrew its plan to use TTN. This 2008 Order was the reason BRRAM, et al., agreed to dismissal of their petition to the Third Circuit for judicial review of the 2006 FONSI/ROD in *Board of Supervisors of Lower Makefield Township, Commonwealth of Pennsylvania ("Board of Supervisors"), and Bucks Residents for Responsible Airport Management ("BRRAM") v. United States Federal Aviation Administration*, No. 06-2929.

The 2008 Order provided that if TTN were to expand its facilities in order to attract another high frequency air carrier, an Environmental Impact Statement (EIS) would be required. Specifically the 2008 Order stated as follows:

> The analysis of Build Alternative 2 [airport expansion to accommodate high frequency service] revealed that alternative would likely cause sufficient noise impacts that would require the preparation of an Environmental Impact Statement (EIS).

Page 1 of 3

The FAA has now taken the exact opposite position, asserting in this case that it will not conduct **any** environmental or safety reviews of the exponential increase in flights at TTN by Frontier Airlines beyond the 2 flights per week for which Frontier Airlines requested and received FAA approval in an "Operations Specifications" (Ops Specs) amendment set forth in a **private** exchange of emails between September 18 and 25, 2012.

As Frontier Airlines began to increase passenger service at TTN, BRRAM wrote twice to the FAA asking for the environmental review and compliance with the 2008 Order and the National Environmental Policy Act (NEPA). After the FAA responded that it would not conduct **any** environmental or safety review, BRRAM, Inc., et al., sued in the United States District Court in Trenton. The FAA filed a motion to dismiss dated August 14, 2014, and disclosed for the first time the amendment to Frontier's Ops Specs approving Frontier's request to operate only 2 flights per week from TTN.

On November 20, 2014, the appellants, BRRAM, Inc., et al., filed a motion with the District Court for leave to amend their complaint (1) to add three Pennsylvania municipalities in Bucks County, the Township of Lower Makefield, Upper Makefield Township, and Yardley Borough, as co-plaintiffs and (2) to clarify that their complaint is **not** directed at any action taken by the FAA in

approving the Ops Specs amendment as limited to 2 flights per week but at the FAA's **inaction**, its failure to conduct any safety or environmental analysis, as required by the NEPA, of the exponential increase in flights by Frontier Airlines at the TTN far beyond the 2 flights per week as requested and as approved by the FAA in an exchange of unpublished emails in September 2012 that were revealed for the first time as exhibits to the FAA's motion brief dated August 14, 2014.

After hearing oral argument on May 8, 2015, by order dated May 19, 2015, the District Court granted the FAA's motion to dismiss BRRAM's original complaint and declared that the appellants' motion to amend that complaint was thereby rendered "moot." This decision is procedurally backwards. The District Court rendered no ruling or opinion with respect to the proposed amended complaint, other than its asserted mootness. As a result, the District Court never considered the merits of the amended complaint and whether it cured any alleged defects in the original complaint. When a motion to amend a complaint is pending, the reviewing court must consider the adequacy of the amended complaint as a substitute for the original complaint. *Lesser v. City of Cape May*, 110 F.Supp.2d 303 (D.N.J. 2000), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Statement of issues on appeal: Docket No. 15-2393.

A. Whether the District Court has subject matter jurisdiction to compel the FAA to review the environmental and safety impacts of the "business decision" by Frontier Airlines to increase the frequency of flights at the Trenton Mercer Airport (TTN) far beyond the two flights per week permitted by the FAA in a private and unpublished Operations Specifications (Ops Specs) amendment accomplished by an exchange of private emails? And whether an Ops Specs amendment approval granted by the FAA may be considered "issued" if the FAA never published the Ops Specs amendment or provided "public notice"?

B. Whether the District Court erred by dismissing the appellant's complaint and declaring that such dismissal thereby renders plaintiffs' Motion to Amend the Complaint as "moot" without the court considering whether the amended complaint successfully cured any alleged defects in the original complaint and pleaded causes of action for which the District Court, not this Court, has subject matter jurisdiction?

C. Whether the District Court has subject matter jurisdiction to order the FAA to comply with the National Environmental Policy Act (NEPA) 42 U.S.C. § 4321, et seq. and to review the environmental and safety impacts of Frontier Airlines' exponential expansion in the frequency of flights at TTN far in excess of

the two flights per week approved by the FAA in an unpublished Ops Specs amendment?

D. Whether enactment of the Air Line Deregulation Act of 1978, 49 U.S.C. § 41109, prevents the FAA from complying with the requirements of the NEPA such that the FAA has no authority to review the safety and environmental impacts caused by Frontier's exponential increases in the frequency of flights at TTN far beyond the two flights per week permitted in the unpublished Ops Specs amendment?

E. Whether the Air Line Deregulation Act impliedly repealed NEPA as applied to the FAA in these circumstances?

F. Whether the FAA's approval of Frontier Airline's request for an Ops Specs amendment seeking FAA permission to initiate two flights per week at TTN in a private and unpublished exchange of emails over a one week period in 2012 constitutes a "final order" appealable solely to the Circuit Court of Appeals within 60 days of the date of the private and unpublished email?

G. Whether it is arbitrary and capricious for the FAA to construe the Ops Specs amendment limiting Frontier to two flights per week at TTN as *sub silentio* granting further authorization for Frontier to expand such usage without the FAA engaging in any safety or environmental review of the impacts of any such

increase in frequency of flights?

H. Whether the award of substantial Federal funds to Mercer County, New Jersey, the owner/operator of TTN, for the enhancement and expansion of airport runway capacity at TTN for the purpose of attracting a "low fare/high-frequency" (LF/HF) commercial air carrier (Frontier Airlines) constitutes a "major federal action significantly affecting the environment" and thereby triggers a duty for the FAA pursuant to the NEPA to consider the environment impacts associated with such air port construction and enhancement projects?

I. Whether the FAA is bound by its 2008 "Record of Decision" (ROD) stating that if Mercer County were to attract another LF/HF commercial air carrier (Frontier Airlines) this would likely trigger the requirements for the FAA to prepare an "Environmental Impact Statement" (EIS) due to the cumulative noise impacts associated with a substantial increase in the usage of the airport?